UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.P., a minor, by and through his guardian ad litem, Roy McCollum, individually and as successor in interest to Decedent BRITTANY CAITLIN MCCULLUM; and ROY MCCOLLUM, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, a public entity; San Joaquin County Sheriff PATRICK WITHROW; San Joaquin County Employees PAULA ALEYDA ARAGON DE GONZALEZ, LVN; MARY M. CENDANA, RN; and County of San Joaquin DOES 1-50, jointly and severally,<br><br>Defendants. | No.  2:23-cv-00245 AC<br><br><br>ORDER |

Before the court is the ex parte Petition for the Appointment of Guardian Ad Litem. ECF No. 9.

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2).  Local Rule 202 provides the following additional requirements:

> (a) Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law

1

> or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.
>
> ...
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The Ninth Circuit has held that "[a]lthough the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash., 795 F.2d 796, 805 (9th Cir.1986). Fit parents are presumed to act in the best interests of their children. Troxel v. Granville, 530 U.S. 57, 66 (2000); Doe v. Heck, 327 F.3d 492, 521 (7th Cir. 2003).

Here, plaintiffs ask that Roy McCollum be appointed guardian ad litem for his minor grandchild, plaintiff M.P., as he acts as successor in interest to M.P.'s mother (Roy McCollum's daughter) Brittany Caitlin McCullum, who is deceased. ECF No. 9 at 2. Plaintiffs provided an affidavit from Mr. McCollum stating that he is M.P.s legal guardian and provided a copy of Brittany McCullum's death certificate. ECF Nos. 10, 10-1. Plaintiffs did not, however, comply with Local Rule 202(c) and disclose their attorney's interest.

It is therefore ORDERED that plaintiffs' counsel submit a supplemental declaration in compliance with Local Rule 202(c) within 7 days of this order.

IT IS SO ORDERED.

DATED: May 9, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2