**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SAN JOAQUIN, *et al.*

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
e-mail: kennedy@helmlawoffice.com

Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs M.P., a minor, by and through his guardian ad litem, Roy McCollum, *et al.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.P., a minor, by and through his guardian ad litem, Roy McCollum, individually and as successor in interest to Decedent BRITTANY CAITLIN McCULLUM; and ROY McCOLLOM, individually,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, a public entity; San Joaquin County Sheriff PATRICK WITHROW; San Joaquin County Sheriff's Office Correctional Officers MARIO PENA, KAYLA LONG, JAMES | CASE NO.  2:23-cv-00245-KJM-AC<br><br>**THIRD STIPULATION AND ORDER TO EXTEND SCHEDULING ORDER DEADLINES** |

1

FARR, PABLO MARMALEJO, and Sergeant ERIC SESSIONS; San Joaquin County Physician Manager MORIS SENEGOR; San Joaquin County CHC Chief Clinician CYNTHIA BORGES-ODELL, MFT; CHC Mental Health Unit Supervisor TEFFANY CALICA; CHC employees PAULA ALEYDA ARAGON DE GONZALEZ, LVN; MARY M. CENDANA, RN; KEVIN TORRES, LVN; MARIE DAGUMAN, LCSW; MARGARITA PALOMERA; RITA MANANQUIL, RN; and County of San Joaquin DOES 1-50, jointly and severally,

Defendants.

Plaintiffs M.P. and ROY McCOLLUM ("Plaintiffs") and the Defendants COUNTY OF SAN JOAQUIN, *et al.* (collectively, "Defendants"), collectively referred to as "the parties", by and through their respective counsel of record, hereby stipulate as follows:

1. When an act must be done within a specified time, the Court may, for good cause, extend The time with or without motion if the court acts, or a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). With respect to an order setting forth the Court's pretrial schedule, "[t]he district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This is the Parties' third request for extension of time of the Pretrial Scheduling Order; the first and second requests were granted for good cause. *See* ECF Nos. 35, 39.

2. The parties have made substantial progress in written fact discovery and have started depositions, but recent discovery has shown that more time is needed. On March 28, 2025, Defendants deposed Plaintiff Roy McCollum, father of Brittany McCullum, who completed suicide at the County's jail. In addition to M.P., Ms. McCullum had another child, E.D., who was adopted and for whom a juvenile dependency case may exists. Defendants contend that such a file is relevant to damages, and the parties need time to meet and confer about obtaining this file pursuant to California Welfare & Institutions Code § 827. In addition, since Plaintiff's deposition, the parties have continued to meet and confer regarding

Plaintiffs' contention that Defendants have withheld: (1) documents identified on a privilege log related to named parties that should be produced pursuant to the stipulated protective order; and (2) documents—including digital audio files of inmate witness interviews—not on the privilege log. As to (1), because some of the withheld documents pertain to named parties, Plaintiffs need to obtain them well in advance of these named parties' depositions, to avoid Plaintiffs having to recall them for a second deposition after production of the withheld documents. As to (2), some of the withheld documents are digital audio files containing interviews by County law-enforcement personnel of at least six inmate witnesses to the moments leading up to Brittany McCullum's suicide. These interviews likely contain relevant information about the actions and inactions of the named Correctional Officers Pena, Long, Farr, Marmalejo, and Sergeant Sessions, who were responsible for Ms. McCullum's safety. Plaintiffs need to review these digital audio files before the depositions of these party defendants and of the inmate witnesses. Given that one or more of these inmate-witnesses may be in prison, the parties will need to seek leave of court to notice depositions. Fed. R. Civ. P. 30(a)(2)(B). Further, Defendants intend to meet and confer about Plaintiffs' responses to written discovery. Given the foregoing, the parties met and conferred by Zoom on October 1, 2025, and they agree that they require further time to meet and confer about these issues to avoid bringing any discovery dispute before the assigned magistrate. Once the documents have been produced, the depositions of the Correctional Officers and inmate witnesses may be scheduled.

      3.      Moreover, the parties' counsel's conflicts in earlier-filed matters preclude the scheduling of further party depositions before the November 14, 2025 cutoff of fact discovery. There are 15 individually named County Defendants, and Defendants' lead trial counsel, who will defend all party depositions, will be occupied from now through November 2025 with trial preparations in *Lake v City of Vallejo et al*, scheduled to begin trial on December 9, 2025, and to last through December 16, 2025. This has made the undersigned defense counsel unavailable to conduct any depositions during the month of November. Moreover, Plaintiffs' counsel must finish expert discovery by November 18, 2025, in *D.B. v. City of Stockton, et al.*, No. 2:21-02154-DJC-SCR (E.D. Cal.), and must take party depositions beginning in November 2025, in *K.C. v. Alameda County, et al.*, No. 4:22-cv-01817-DMR (N.D. Cal.). Counsel for the parties have worked together on several cases together, and have one other case together currently,

and have always extended professional courtesy to one another with respect to case deadlines. Counsel for the parties wish to continue to do so, particularly with respect to the scheduling of depositions, so that they are scheduled on dates that align with both the deponents' and counsels' calendars. In addition to these scheduling issues, Plaintiffs' co-counsel, Mr. Helm, will undergo in-patient surgery on October 28, 2025, with several days in the hospital followed by recovery at home, and Plaintiffs' co-counsel, Mr. Schmidt, will be taking a pre-paid trip to Europe with his family, from October 30 to November 10, 2025.

4. Due to the remaining issues relating to written discovery and the documents that remain outstanding, the number of depositions that need to be taken, and conflicts in earlier-filed matters, the parties cannot reasonably meet the existing schedule despite their diligent efforts. Given counsel's desire to exercise professional courtesy by setting depositions on dates convenient for parties and their counsel, the undersigned counsel reasonably estimate the need for, and, thus, respectfully request, to extend the discovery deadline and all other dates in the Scheduling Order (ECF No. 39) by approximately six (6) months:

| DEADLINE | ECF No. 39 | Proposed New Date |
|---|---|---|
| Fact Discovery | 11/14/2025 | 05/14/2026 |
| Settlement Conference | 12/09/2025 | 06/09/2026 |
| Expert Disclosures | 01/16/2026 | 07/16/2026 |
| Exchange of Rebuttal Expert Witnesses | 02/20/2026 | 08/20/2026 |
| All Expert Discovery | 04/17/2026 | 10/17/2026 |
| Filing of all Dispositive Motions, except for Motions for Continuances, Temporary Restraining Orders or Other Emergency Applications | 06/15/2026 | 12/15/2026 |

**IT IS SO STIPULATED.**

1  Dated: October 14, 2025					PORTER SCOTT
							A PROFESSIONAL CORPORATION

	By */s/John R. Whitefleet\**
		John R. Whitefleet
		Attorney for Defendants


Dated: October 14, 2025					LAW OFFICE OF SANJAY S. SCHMIDT
							HELM LAW OFFICE, PC

	By */s/ T. Kennedy Helm, IV*
		T. Kennedy Helm, IV
		Attorneys for Plaintiffs

**ORDER**

The Court, having reviewed and considered the Parties' Stipulation to Extend Scheduling Order Deadlines, and finding good cause, hereby Orders as follows:

The Court sets the following new dates:

| DEADLINE | ECF No. 39 | Proposed New Date |
|---|---|---|
| Fact Discovery | 11/14/2025 | 05/14/2026 |
| Settlement Conference | 12/09/2025 | 06/09/2026 |
| Expert Disclosures | 01/16/2026 | 07/16/2026 |
| Exchange of Rebuttal Expert Witnesses | 02/20/2026 | 08/20/2026 |
| All Expert Discovery | 04/17/2026 | 10/17/2026 |
| Filing of all Dispositive Motions, except for Motions for Continuances, Temporary Restraining Orders or Other Emergency Applications | 06/15/2026 | 12/15/2026 |

**IT IS SO ORDERED.**

Dated: October 15, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE